UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ASTRID HURTADO-ROMERO,

Plaintiff,

v.

JEFF SESSIONS, et al.,

Defendants.

Case No. 18-cv-01685-EMC

**ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

Docket No. 16

In March 2018, Petitioner Astrid Hurtado-Romero filed a habeas petition, arguing that her federal constitutional and statutory rights were being violated because she had been detained by ICE/DHS for almost six months without the ability to petition for a custody redetermination hearing. Ms. Hurtado-Romero styled her habeas petition as an "emergency."

Ultimately, the Court granted in part and denied in part the petition for relief. More specifically, it ordered the immigration court to hold a bond hearing but it did not order Ms. Hurtado-Romero's immediate release. Currently pending before the Court is Ms. Hurtado-Romero's motion for attorney's fees and costs. Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel, the Court hereby **DENIES** Ms. Hurtado-Romero's motion.

## I.     DISCUSSION

The motion for fees and costs is based on the Equal Access to Justice Act ("EAJA"). The EAJA provides in relevant part as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of

1  agency action, brought by or against the United States in any court
having jurisdiction of that action, unless the court finds that the
2  position of the United States was substantially justified or that
special circumstances make an award unjust.

3  28 U.S.C. § 2412(d)(1)(A).

4       The government opposes Ms. Hurtado's motion on various grounds. Some of the

5  arguments are not persuasive. For example, the government contends that its position on the

6  habeas petition was substantially justified because there was no Ninth Circuit decision addressing

7  the relationship between *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018), and *Diouf v. Napolitano*,

8  634 F.3d 1081 (9th Cir. 2011). However, several district courts had already held that *Jennings* did

9  not overrule *Diouf*. More important, it was quite clear from *Jennings* that the Supreme Court

10  viewed the three immigration statutes under consideration quite differently from 8 U.S.C. §

11  1231(a)(6), the statute at issue here.

12       While the Court does not find merit in all of the government's arguments, it nevertheless

13  denies the fee-and-cost motion because, as the government maintains, there are special

14  circumstances here that make an award of fees and costs unjust. *See Scarborough v. Principi*, 541

15  U.S. 401, 423 (2004) (citing legislative history indicating that "§ 2412(d)(1)(A)'s 'safety valve'

16  gives 'the court discretion to deny awards where equitable considerations dictate an award should

17  not be made'"). In particular, at the time of her habeas petition, Ms. Hurtado-Romero was still

18  being detained because her request for withholding of removal had been denied and – as she

19  represented to the Court – she intended to appeal this denial to the BIA. The Court held a hearing

20  on the habeas petition on May 10, 2018. *See* Docket No. 13 (minutes). Three days later, on May

21  13, 2018 (a Sunday), Ms. Hurtado-Romero made a written request to USCIS asking that she be

22  deported because she had lost her case – presumably, referring to the denial of her request for

23  withholding of removal and to her decision now *not* to appeal to the BIA. *See* Kurz Decl. ¶ 2 &

24  Ex. 1 (request).[1]  In the next several days, neither Ms. Hurtado-Romero nor her counsel informed

25  the Court that she had made this request with USCIS which would have, essentially, mooted her

26

27  _____

28  [1] The request is technically dated May 13, 2017, and not 2018. However, this appears to have
been an error on the part of Ms. Hurtado-Romero. Certainly, at the hearing on the pending
motion, she did not contest that the request was made on May 13, 2018.

2

1   habeas petition. *See Diouf*, 634 F.3d at 1092 n.13 (stating that, "[i]f the 180-day threshold has not

2   been crossed, but the alien's release or removal is imminent, DHS is not required to conduct a

3   180-day [custody] review, and neither should the government be required to afford the alien a

4   hearing before an immigration judge").   On May 16, 2018, not knowing of Ms. Hurtado-

5   Romero's request with USCIS, this Court granted her habeas petition.

6          The above circumstances make an award of fees and costs to Ms. Hurtado-Romero unjust.

7   The Court acknowledges that its order issued only three days after Ms. Hurtado-Romero made her

8   request to USCIS.  However, Ms. Hurtado-Romero had a duty to act promptly and notify the

9   Court given that the hearing on her habeas petition had just taken place.  The Court also notes that

10  the fault here may not be Ms. Hurtado-Romero's, but rather her counsel's.  Counsel failed to

11  appear at the May 10 hearing on the habeas petition.[2]  If counsel had communicated with his client

12  in order to prepare for the hearing, he likely would have learned that she was reconsidering the

13  appeal to the BIA.  The government points out that counsel's conduct has been problematic not

14  only in the instant case but also in other cases in this District, and the Court shares these concerns.

15  Ultimately, this proceeding absorbed the resources of the government and the Court, but resulted

16  in no concrete benefit to Ms. Hurtado-Romero.  The Court thus finds there are special

17  circumstances that make a fee award in this case unjust.

18         As a final point, the Court notes that, several hours after the hearing on the pending

19  motion, counsel filed a declaration from Ms. Hurtado-Romero in which she takes the blame for

20  not informing anyone of her decision not to appeal.  *See* Docket No. 24 (Hurtado-Romero

21  declaration).  The Court strikes the declaration because it is not permitted under the Civil Local

22  Rules.  *See* Civ. L.R. 7-3(d) (providing that, "[o]nce a reply is filed, no additional memoranda,

23  papers or letters may be filed without prior Court approval," with limited exceptions that are not

24  ///

25  ///

26

27  _____

    [2] Counsel also failed to file a traverse in support of the habeas petition.  Although counsel failed to
28  file a traverse and then even appear at the hearing on the habeas petition, he nonetheless managed
    to make an appearance for the pending motion where his fees are at issue.

applicable here).  Furthermore, even if the Court were to consider the content of the declaration, it does not affect the Court's analysis above.

This order disposes of Docket No. 16.

**IT IS SO ORDERED**.

Dated: September 12, 2018

_____
EDWARD M. CHEN
United States District Judge